UNITED STATES of America, Plaintiff—Appellee,

v.

Jesus Emmanuel PAREDES, Jr., Defendant—Appellant.

No. 03–41289

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 21, 2004.

James Lee Turner, Assistant US Attorney, Julia Bowen Stern, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Yvonne Sanchez, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DEMOSS and STEWART, Circuit Judges.

PER CURIAM:*

Jesus Emmanuel Paredes, Jr., appeals the sentences imposed following his guilty-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

plea convictions for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and for failure to appear in violation of 18 U.S.C. § 3146(a)(1) & (b)(1)(A)(i).

Paredes argues for the first time on appeal that the district court erred in sentencing him because it did not understand how to properly apply U.S.S.G. § 2J1.6. Because the district court could, on remand, impose the same 92–month combined sentence, Paredes has failed to demonstrate that his substantial rights were affected by any error in the district court's application of U.S.S.G. § 2J1.6. *See United States v. Leonard,* 157 F.3d 343, 346 (5th Cir.1998). Consequently, despite Paredes' argument to the contrary, he has failed to satisfy the plain-error standard of review. *Id.*

Also for the first time on appeal, Paredes contends that 21 U.S.C. § 841(a) and (b) are facially unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Paredes concedes, his argument is foreclosed by our decision in *United States v. Slaughter,* 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue only to preserve it for possible further review.

AFFIRMED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.